UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:19cv23017

VICKI KROLL,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, VICKI KROLL ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

### PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C.§ 1332.

3. This Court also has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of the state of California.

6. Defendant is a foreign corporation that is authorized to conduct and that does conduct business in the State of Florida, that at all times material hereto was and is doing business

in Miami-Dade County, Florida, and that maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

7. Defendant is a citizen of the state of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the vessel, the Carnival *Vista*.

11. On or about March 30, 2019, Plaintiff was a fare paying passenger on Defendant's vessel, the Carnival *Vista*, which was in navigable waters.

12. As Plaintiff was walking to the buffet area on the Lido deck, she lost her footing on a wet and/or slippery surface when she reached a tiled area. As a result of the fall, Plaintiff suffered traumatic injuries that included, but are not limited to, a chipped off big bone that went into her ankle, torn tendons, broken bones on her ankle, swelling to her tendons, muscles, and bones, and other injuries, including severe injuries to her bone.

13. When Plaintiff was seen by the medical center aboard Defendant's ship, which did not take x-rays, she was misdiagnosed as only having suffered a sprain and/or strain of her ankle, which she was told to walk off, which delayed Plaintiff from receiving the prompt and proper care she needed, worsening her injuries.

14. At all times relevant, the surface where Plaintiff slipped, and the adjacent areas, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

15. This area lacked adequate safety features to prevent Plaintiff's fall.

16. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

17. These hazardous conditions existed for a period of time before the incident.

18. These conditions were neither open nor obvious to Plaintiff.

19. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

20. Defendant failed to adequately warn Plaintiff of the dangers it knew or should have known of.

21. At all times relevant, Defendant failed to eliminate the hazard(s).

22. At all times relevant, Defendant failed to properly maintain this area.

23. At all times relevant, Defendant failed to conduct reasonable inspections of this area.

24. At all times relevant, Defendant participated in the design and/or approved the design of the surface where Plaintiff slipped, and the adjacent areas, in either the new build design specifications or during a dry-dock refurbishment.

25. At all times relevant, Defendant failed to properly train and supervise its crew.

26. Furthermore, the design of the surface where Plaintiff slipped, and the adjacent areas,

including the surface where Plaintiff slipped, was inadequate to enable Plaintiff to notice the hazards.

## COUNT I
## NEGLIGENCE

27. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 26 as if set forth herein.

28. Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances.

29. Such duty includes, but is not limited to, the duty to provide Defendant's passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

30. Such duty also includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. Defendant knew, or should have known, that the risk and actual occurrences of prior slips and falls were magnified and/or influenced by factors that include, but are not limited to, the design and installation of the unreasonably slippery surface where Plaintiff slipped, the unfamiliarity of passengers with the cruise ship, and the passenger's lack of knowledge of prior, severe injuries which Defendant knew to be associated with such dangerous and risk-creating conditions.

33. At all times material hereto, Defendant manufactured, designed, installed, and/or utilized the surface on which Plaintiff slipped, and as such owed a duty to its passengers, and in particular to Plaintiff, to design and install the surface without any defects.

34. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. By failing to report and/or tabulate and/or to investigate and/or to analyze and/or to correct and/or to study the aforementioned prior accidents, incidents, injuries and claims associated with the surface on which Plaintiff slipped;

   b. Failing to inspect, clean, keep, and maintain the surface where Plaintiff slipped, and the adjacent areas, in a reasonably safe condition, so as to prevent hazards to its passengers; and/or

   c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when using the subject area; and/or

   d. Negligently designing and/or installing the surface where Plaintiff slipped, and the adjacent areas, on Defendant's vessel, which were inherently and unreasonably slippery and/or otherwise dangerous; and/or

   e. Negligently allowing liquids and/or other slippery substances, to form, accumulate, and/or fail to properly drain in the walking path where Plaintiff slipped, and the adjacent areas; and/or

   f. Negligently allowing slippery substances to be present in the walking path where Plaintiff slipped, and the adjacent areas; and/or

   g. Failing to warn Plaintiff of the risk-creating conditions of the area where Plaintiff slipped, and the adjacent areas; and/or

   h. Failing to warn of dangerous design and/or other defects of the subject area,

including the surface on which Plaintiff slipped, and the adjacent areas; and/or

i. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the surface where Plaintiff slipped, and the adjacent areas;

j. Failing to treat the surface where Plaintiff slipped to prevent it from becoming unreasonably slippery, hazardous, misleading, or otherwise unreasonably dangerous; and/or

k. Failing to properly and safely instruct passengers using the subject area of the risks involved; and/or

l. Failing to provide prompt, proper, and adequate medical care in its infirmary, including, but not limited to, misdiagnosing and/or failing to diagnose her injuries, failing to adequately treat her injuries, failing to properly get Plaintiff the treatment she needed, which prevented Plaintiff from adequately receiving treatment in a timely fashion, and aggravating the severity of her injuries by the ship's medical staff; and/or

m. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

n. Failing to employ sufficient crewmembers or adequately train its crew to keep the surface where Plaintiff slipped, and the adjacent areas, free of hazards; and/or

o. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

p. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

35. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but

for the Defendant's negligence, Plaintiff's injuries would not have occurred.

36. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

37. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life.

38. The losses are either permanent or continuing in nature.

39. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, VICKI KROLL, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**(Space Intentionally Blank)**

## DEMAND FOR JURY TRIAL

Plaintiff, VICKI KROLL, demands trial by jury on all issues so triable.

Dated: July 19, 2019

                                          Respectfully submitted,

                                          */s/ Spencer M. Aronfeld*
                                          **Spencer M. Aronfeld, Esq.**
                                            Florida Bar No.: 905161
                                            aronfeld@aronfeld.com
                                            **Matthias M. Hayashi, Esq.**
                                            Florida Bar No.: 0115973
                                            mhayashi@aronfeld.com
                                            ARONFELD TRIAL LAWYERS
                                            1 Alhambra Plaza | Penthouse
                                            Coral Gables, Florida 33134
                                            P:     (305) 441.0440
                                            F:     (305) 441.0198
                                            ***Attorneys for Plaintiff***