UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-23017-CV-GOODMAN

VICKI KROLL,

     *Plaintiff*,

v.

CARNIVAL CORPORATION,

     *Defendant*.

_____/

## JOINT SUMMARY OF THE PARTIES' MOTIONS *IN LIMINE*

Plaintiff, VICKI KROLL ("Plaintiff"), and Defendant, CARNIVAL CORPORATION ("Carnival" or "Defendant"), by and through undersigned counsel, hereby file their joint summary of their motions *in limine*:

### INDEX OF MOTIONS *IN LIMINE*

| Page No. | Summary |
|---|---|
| 4 | Defendant's Motion in Limine to Preclude Reference to Prior Incidents That Are Not Substantially Similar. |
| 5 | Plaintiff's Response to Defendant's Motion in Limine to Preclude Reference to Prior Incidents That Are Not Substantially Similar. |
| 6 | Defendant's Motion in Limine to Preclude Opinions on Speculative Future Medical Care. |
| 7 | Plaintiff's Response to Defendant's Motion in Limine to Preclude Opinions on Speculative Future Medical Care. |
| 8 | Defendant's Motion in Limine to Preclude Reference to the Parties' Financial Resources. |
| 9 | Plaintiff's Response to Defendant's Motion in Limine to Preclude Reference to the Parties' Financial Resources. |

| 10 | Defendant's Motion in Limine to Preclude Comments by Counsel Concerning Personal Knowledge or Justness of Cause. |
|----|----|
| 11 | Plaintiff's Response to Defendant's Motion in Limine to Preclude Comments by Counsel Concerning Personal Knowledge or Justness of Cause. |
| 12 | Defendant's Motion in Limine to Preclude Reference to Ievgenii Grechukhin's Unrelated Corrective Action Notes Within His Personnel File. |
| 13 | Plaintiff's Response to Defendant's Motion in Limine to Preclude Reference to Ievgenii Grechukhin's Unrelated Corrective Action Notes Within His Personnel File. |
| 14 | Plaintiff's Motion in Limine to Prevent Defendants' Corporate Representatives from Testifying Differently than During the rule 30(b)(6) Corporate Representative Deposition. |
| 15 | Defendant's Response to Plaintiff's Motion in Limine to Prevent Defendants' Corporate Representatives from Testifying Differently than During the rule 30(b)(6) Corporate Representative Deposition. |
| 16 | Plaintiff's Motion in Limine to Exclude any Prior Unrelated Injuries. |
| 17 | Defendant's Response to Plaintiff's Motion in Limine to Exclude any Prior Unrelated Injuries. |
| 18 | Motion in Limine to Preclude any Evidence, Argument, or Suggestion that Plaintiff Drank Alcohol or was Intoxicated. |
| 19 | Defendant's Response to Plaintiff's Motion in Limine to Preclude any Evidence, Argument, or Suggestion that Plaintiff Drank Alcohol or was Intoxicated. |
| 20 | Plaintiff's Motion in Limine to Exclude Speculative Arguments Regarding the Number of Passengers who Suffered Prior Incidents. |
| 21 | Defendant's Response to Plaintiff's Motion in Limine to Exclude Speculative Arguments Regarding the Number of Passengers who Suffered Prior Incidents. |
| 22 | Request to Preclude any Set-Off for Collateral Source Payments. |
| 23 | Defendant's Response to Plaintiff's Motion in Limine to Preclude any Set-Off for Collateral Source Payments. |
| 24 | Defendant Should be Precluded from Arguing that the Ship Inspection is not Admissible Because it was Performed Many Months after Plaintiff's Incident and Allegedly not Under Circumstances Identical to Those Plaintiff Encountered. |

| 25 | Defendant's Response to Plaintiff's Motion in Limine to Preclude it from Arguing that the Ship Inspection is not Admissible Because it was Performed Many Months after Plaintiff's Incident and Allegedly not Under Circumstances Identical to Those Plaintiff Encountered. |
| 26 | Defendant Should be Precluded from Introducing Evidence of or Arguing that Any of Plaintiff's Experts Were Struck in a Previous Case Under Daubert. |
| 27 | Defendant's Response to Plaintiff's Motion in Limine to Preclude it from Introducing Evidence of or Arguing that Any of Plaintiff's Experts Were Struck in a Previous Case Under Daubert. |

I.      **Defendant's Motion *in Limine* to Preclude Reference to Prior Incidents That Are Not Substantially Similar.**

Because of the potential impact that evidence of similar accidents can have on juries, in order for evidence of prior incidents to be admissible, the Court of Appeals for the Eleventh Circuit requires that (1) "conditions substantially similar to the occurrence in question must have caused the prior accident" and (2) "the prior accident must not have been too remote in time." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1998). Further, the evidence must be more probative than prejudicial. *Whelan v. Royal Caribbean Cruises, Ltd.*, 2013 WL 5583966, *2 (S.D. Fla. Aug. 16, 2013). The proponent of the evidence bears the burden of showing that "conditions substantially similar to the occurrence caused the prior accidents." *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 n. 12 (11th Cir. 1997).

None of the prior incidents disclosed in this case are substantially similar to Plaintiff's accident, and thus Plaintiff cannot satisfy her burden to make these prior incidents admissible at trial. Plaintiff alleges that after dipping her feet into the pool, she walked with wet bare feet quickly across the pool deck towards the pizzeria when she fell due to wet flooring. *See* ECF No. 87-1 (P. Depo.) at 53:23-54:13; 57:3-10; 59:10-13; 62:21-24. Carnival disclosed thirteen (13) prior incidents in discovery that were discussed during Carnival's corporate representative deposition. *See* **Exhibit 1** (D's Am. Answers to Int.); **Exhibit 2** (Corp. Rep. Depo). None of the prior incidents disclosed are substantially similar to Plaintiff's own alleged incident. *Sorrels v. NCL (Bahamas), Ltd.*, 796 F.3d 1275, 1287-88 (11th Cir. 2015) (affirming district court's ruling that "evidence of 22 other slip and fall incidents" aboard defendant's vessel did not meet the "substantial similarity doctrine" as none of the falls occurred where plaintiff fell, other injured passengers wore varying styles of footwear, and additional factors were involved).

As such, Carnival respectfully requests an order preventing Plaintiff from admitting the disclosed prior incidents into evidence at trial.

## Plaintiff's Response to Defendant's Motion *in Limine*

Evidence of a substantially similar incident is sufficient to establish that a Defendant was on notice of a risk creating condition. *See, e.g.*, *Beretta v. Home Lines, Inc.*, No. 88 CIV. 7436 (LBS), 1990 WL 91737, at *3 (S.D.N.Y. June 26, 1990) (**one accident is sufficient to a create question of fact on notice**). Such prior accidents only need to be "substantially similar," not identical. *Weeks v. Remington Arms Co., Inc.*, 733 F.2d 1485, 1491-92 (11th Cir. 1984); *Ramos v. Liberty Mut'l Ins. Co.*, 615 F.2d 334, 339 (5th Cir. 1980); *see also Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988); *see also Hoover*, No. 19-22906-CIV, 2020 WL 5834742, at *2 ("NCL's cooperative representative testified that at least four passengers have had incidents on the same staircase between May 17, 2018 and June 30, 2018—all before Plaintiff's incident. . . . Although the details on the prior incidents are thin, the Court finds that the evidence presented by Plaintiff is just enough of a triable issue of fact regarding whether NCL had actual or constructive notice that these stairs, when wet, presented a dangerous condition."). When used to establish notice, "the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed." *Jackson v. Firestone Tire and Rubber Co.*, 788 F. 2d 1070, 1083 (5th Cir. 1986); *Schmelzer v. Hilton Hotels Corp.*, 2007 WL 2826628, at *2 (S.D.N.Y. 2007).

Here, Plaintiff and Defendant have already briefed the issue of the prior incidents before this Honorable Court, and this Court already held that the issue of substantial similarity of the prior incidents Plaintiff seeks to introduce is an issue of fact for the jury to determine. See [DE 66 at p. 8] ("**But there are genuine issues of material fact concerning the notice issue, beginning with the threshold determination of whether the other incidents are sufficiently similar to Kroll's fall to constitute the requisite notice.**"); see also [DE 31 at pp. 5-6]; see also [DE 34 at pp. 6-7]; see also, e.g., [DE 38 at pp. 1-3] (citing *Jaber v. NCL (Bahamas) Ltd.*, No. 1:14-CV-20158, 2016 WL 853018 (S.D. Fla. Mar. 2, 2016) ("However, even if there were a notice requirement, six other passengers reported bunks falling on the same ship. **Defendant did not need to be on notice that the specific bunk bed was faulty**. Defendant's arguments regarding the absence of a duty to warn fail for the same reasons."); see also, e.g., [DE 37-2 at 77:9-18, 116:14-18, 122:3-10, 148:17-21, ]; see also [DE 32-2 at pp. 3-5] (**including highlighting showing that numerous prior incidents disclosed by Defendant occurred in the area between the tides pool and the pizzeria, which is the same exact area Plaintiff described as the area that she fell**). As such, the issue of substantial similarity of the prior incidents remains an issue of fact for the jury to decide, and Defendant's motion should therefore be denied.

**II.**     **Defendant's Motion *in Limine* to Preclude Opinions on Speculative Future Medical Care.**

Carnival moves *in limine* to preclude opinions on future speculative medical care and costs associated with same. "Indeed, [i]t is a long standing principle that only those future medical expenses that are reasonably certain to be incurred are recoverable." *Mizrahi v. Yamaha Motor Corp., U.S.A.*, No. 17-24484-CIV, 2019 WL 3318527, at *12 (S.D. Fla. July 19, 2019), *aff'd sub nom. Mizrahi v. Yamaha Motor Corp.*, No. 17-24484-CIV, 2019 WL 335142 (S.D. Fla. July 23, 2019) (internal quotations omitted).

Specifically, Carnival seeks to prevent any testimony from Plaintiff's podiatrist expert Dr. Michael Cook regarding the need for future surgeries. Dr. Cook provided an initial expert report and addendum in this matter that did not contain any recommendation for future surgeries. *See* **Exhibit 3** (Dr. Cook Reports dated November 5, 2019). Further, Dr. Cook was deposed on April 23, 2020. *See* **Exhibit 4** (Dr. Cook Depo.). Dr. Cook stated he did not recommend surgery and admitted that he could not state within a reasonable degree of medical probability whether Plaintiff was a candidate for surgery in the future. **Ex. 4** at 45:14 – 46:16; 55:2 – 13.  No further reports or addendums have been issued by Dr. Cook addressing any recommendation for surgeries. Additionally, none of the Plaintiff's treating physicians have recommended surgery. As a matter of fact, the only treating surgeon who has evaluated Plaintiff, Dr. Thomas McKenzie, has specifically recommended against it. *See* **Exhibit 5** (Sutter Health Record dated February 24, 2020)**.** Accordingly, the Plaintiff should be precluded from making any suggestion that she may need surgery in the future.

## **Plaintiff's Response to Defendant's Motion *in Limine***

Defendant is mistaken regarding the scope of Dr. Cook's testimony. While it is true that at his deposition, Dr. Cook expressed uncertainty as to whether Plaintiff would need surgery in the future, he specifically left the possibility of need for a surgery in the future open. Specifically, Dr. Cook testified that "Surgery, **we don't know whether she needs the surgery right now**. At this point, I don't believe that she does. **It all depends on her progress in the future**." See [DE 44-1 at 58:21-23]; see also [DE 43-2] ("Possible continued physical therapy $1800, nonsteroidal anti-inflammatories $100, several cortisone injections $300, **and even surgery** $1500, may assist in alleviating some of this patient's chronic problem[.]"). As such, whether Ms. Kroll needs surgery in the future or not depends on her progress, and a ruling on whether Dr. Cook can present his opinion on Plaintiff's need for a future surgery he outlined in his report will depend on how Dr. Cook, Plaintiff, and/or her other treaters testify at trial, and therefore Plaintiff respectfully submits that Defendant's motion should be denied as premature, and ruling should be reserved for trial, when this Honorable Court is in the best position to gauge the evidence supporting this opinion.

III.     **Defendant's Motion *in Limine* to Preclude Reference to the Parties' Financial Resources.**

Reference to Plaintiff's limited resources, or need for financial compensation, will serve only to prejudice the jury against Carnival and in favor of Plaintiff. Evidence of a party's limited resources or financial despair is unfairly prejudicial and constitutes reversible error. *City Provisioners, Inc. v. Anderson*, 578 So.2d 855, 856 (Fla. 5th DCA 1991). Such comments, which serve only to misdirect the jury's attention from the factual and legal issues at hand, are improper and impermissible. *Id.* "Argument directly contrasting the poverty of one of the parties with the wealth of the other is especially apt to prejudice the jury." *Batlemento v. Dove Fountain, Inc.*, 593 So.2d 234, 241 (Fla. 5th DCA 1992), *rev. denied*, 601 So.2d 551 (Fla. 1992) (citations omitted). Therefore, this Court should not permit any reference to the wealth or poverty of Plaintiff. *Brough v. Imperial Sterling, Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002).

Similarly, this Court should disallow any reference to Carnival superior financial resources vis-à-vis Plaintiff. *Batlemento*, 593 So.2d at 241; *see also Carnival Cruise Lines v. Rosania*, 546 So.2d 736, 737 n. 1 (Fla. 3d DCA 1989) ("They have a doctor, the best that money could buy. They went out and got a doctor…and think about how Carnival Cruise Lines defended this particular case"); *Klein v. Herring*, 347 So.2d 681, 682 (Fla. 3d DCA 1977) ("Think about the resources and the ability that State Farm Insurance Company has"); *Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977) (the ability of a defendant to pay injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result).

As such, Carnival respectfully requests an order precluding reference to the parties' respective financial resources.

## Plaintiff's Response to Defendant's Motion *in Limine*

Plaintiff does not intend to make any "David vs. Goliath" type of arguments. However, Plaintiff objected to Defendant's motion in limine because it sweeps far too broadly. *See, e.g., Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978). Plaintiff does not anticipate that Defendant's wealth will be brought up, but if it is, he respectfully submits that it will not be for the purpose of arguing, as in *Draper*, that the jury should side with Plaintiff simply because Defendant is much wealthier than him. For example, Defendant may argue that it cannot afford to document prior incidents thoroughly, or to adequately repair a water leak, in which case its wealth certainly would be relevant. As such, Defendant's motion should be denied, and whatever concerns it has are better addressed as the testimony in the case develops. See Fed. R. Evid. 403.

**IV.    Defendant's Motion *in Limine* to Preclude Comments by Counsel Concerning Personal <u>Knowledge or Justness of Cause.</u>**

Courts have long held that an attorney may not express his personal opinion as to the justness of a plaintiff's case or comment on his personal knowledge of the facts of a case. *United States v. Young*, 470 U.S. 1 (1985); *Polanksy v. CAN Ins. Co.*, 852 F.2d 626, 627-28 (1st Cir. 1988); *Fireman v. Armstrong World Indus.*, 774 F.Supp. 266, 270 (D. N.J. 1991). Carnival therefore requests this Court restrict Plaintiff from doing the same.

## **Plaintiff's Response to Defendant's Motion *in Limine***

 Plaintiff's counsel does not intend to express his **<u>personal opinion</u>** as to the justness of Plaintiff's case or to comment on his **<u>personal knowledge</u>** of the facts of the case. As such, Defendant's motion should be denied is moot.

**V.      Defendant's Motion *in Limine* to Preclude Reference to Ievgenii Grechukhin's Unrelated Corrective Action Notes Within His Personnel File.**

Carnival moves to preclude any reference or argument by Plaintiff regarding Ievgenii Grechukhin's unrelated corrective action notes in his performance reviews, because same is irrelevant under Fed.R.Evid. 401 and any probative value is substantially outweighed by unfair prejudice under Fed.R.Evid. 403.

Mr. Grechukhin was the Pool and Deck Supervisor assigned to the subject ship on the date of Plaintiff's incident, and Plaintiff's counsel questioned Mr. Grechukhin regarding his performance reviews during deposition. These reviews contained corrective action notes regarding Mr. Grechukhin's storage of cleaning supplies, timely closing the waterpark, storage of furniture, and maintaining a floor surface cleaning machine. Mr. Grechukhin was also questioned regarding a negative review in his previous role as an assistant waiter. None of the aforementioned criticisms are relevant to Plaintiff's fall on the pool deck. Further, none of Mr. Grechukhin's testimony addressing these criticisms is consequential to this action, and none would tend to make a fact more or less probable. It would serve only to unfairly prejudice Carnival by painting Mr. Grechukhin in a bad light. As such, Carnival requests that Plaintiff be precluded from any reference or argument related to these correction action notes and Mr. Grechukhin's testimony regarding same.

## Plaintiff's Response to Defendant's Motion *in Limine*

As an initial matter, Mr. Grechukhin's disciplinary record goes to his credibility, as Mr. Crechukhin testified that he had "No disciplinary action" during his deposition, see Exhibit 7 at 41:25-42:17]. This, of course, turned out to be untrue, and Plaintiff's counsel discussed Mr. Grechukhin's extensive disciplinary history with him after he offered this incorrect testimony.

Perhaps more importantly, Mr. Grechukhin testified as follows,

> Q (By Mr. Hayashi) Yeah. Is one of the reasons why the Lido Deck is deep cleaned to make sure that it is safe and not unreasonably slippery?
> MR. DRAHOS:· · Object to form.
> A Probably, yes, it is going to be cleaned.
> MR. DRAHOS:· · Do not guess. If you do not know the answer you do not know.
> A The cleaning of the -- of the floor or the cleaning of the floor it is means the floor needs to be cleaned and of course when we finish with the cleaning this need to be dry after the cleaning based on that.
> Q (By Mr. Hayashi) Right. But Carnival is committed to making sure that its walking surfaces including the Lido Deck --
> A Of course, this needs to be safe. Yeah.
> Q Yeah.· ·Are safe and non-slippery as reasonable, right?
> A Yes.
> Q And one of the ways it does that is through this deep cleaning process, right?
> MR. DRAHOS:· · Object to the form.
> A Yes.

See Exhibit 7 at 40:23-42:17. This is important, because Mr. Grechukhin testified that he was one of the crewmembers responsible for maintaining the machine that applied an important chemical (Frasmar) that Defendant requires to be applied to the subject deck in order for it to be slip resistant, but that he did "not know if it had been applied correctly or not[.]" See Id. at 30:9-40:11. However, Mr. Grechukhin's disciplinary history indicates that he had a history of misplacing chemicals aboard the ship, [DE 37-3 at p. 1], not following company policies and procedures, Id. at pp. 2-4, **mishandling, not doing proper inspections, and poorly maintaining this cleaning machine that he testified was important to keeping the deck slip resistant**, Id. at pp. 5-6, and failing to do his other jobs he previously had properly, Id. at pp. 7-16. Clearly, Mr. Grechukhin's disciplinary history is relevant and highly probative to the issues in Plaintiff's slippery deck case, and whatever minimal prejudice there is to Defendant from this evidence is heavily outweighed by its probative value, and Defendant's motion should be denied.

**Plaintiff's Motion in Limine to Prevent Defendants' Corporate Representatives from Testifying Differently than During the rule 30(b)(6) Corporate Representative Deposition.**

"Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." *See Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94-95 (D.D.C. 1998) ("Here, Plaintiff does not seek to prevent Defendant from presenting other evidence that contradicts Ms. Campos's Rule 30(b)(6) deposition testimony, she merely seeks to prevent Ms. Campos from contradicting her own Rule 30(b)(6) deposition testimony. (See D.E. 128 at 1-2; D.E. 158 at 2.). Because the relevant case law holds that a Rule 30(b)(6) corporate representative may not contradict her deposition testimony at trial, the Court grants Plaintiff's Motion on this issue.").

Unlike a natural person, corporations rely on people who work for them to look through company documents and speak to people who have knowledge of relevant matters in order "remember" details about what their corporate representatives are asked during their depositions. However, this creates an unfair advantage for corporate defendants that natural person plaintiff's do not have. This is because when a natural person testifies "I don't remember" or "I don't believe so/I think so" during his or deposition, but later does remember or believes/thinks differently at trial, this can be used by the defense to cast doubt on the plaintiff's credibility by asking the jury why they did not know something before but do know it now. However, this is not the same for corporate defendants, since if Defendant's corporate representatives testify differently at trial, the corporate representatives could testify that Defendants were still looking into certain matters during the deposition, and that since it takes time to fully dig through all the materials necessary to testify confidently regarding certain facts, it is perfectly understandable that their testimony might be different at trial, since more information was able to be reviewed at the time of trial than at the time of the deposition. However, while this may be understandable to a jury, this also allows corporate defendants a completely unfair opportunity to abuse this difference between corporate defendants and natural persons like Plaintiff in order to change their testimony if it suits themselves, while also criticizing Plaintiff if he were to have any aspect of his testimony change. Plaintiff respectfully submits that Defendants should not be allowed to have this unfair advantage.

## Defendant's Response to Plaintiff's Motion *in Limine*

Plaintiff's sweeping request to limit Carnival's corporate representative's testimony to what was said during deposition should be denied. Plaintiff's counsel has made similar unsuccessful arguments before this Court. Plaintiff's argument appears to be generally that Carnival's testimony may change given that its investigation was still underway during this lawsuit, and a jury would be more understandable of Carnival for such a change than it would be if Plaintiff changed her own testimony. But, Plaintiff does not cite any such concerns specific to this case. It is important for Carnival's corporate representative to be able to respond to any allegations argued by Plaintiff at trial, rather than limited to a deposition that occurred over a year and a half ago. Moreover, absolute  perfection is not required of a 30(b)(6) witness, and the mere fact that a designee could not answer every question on a certain topic does not necessarily mean the corporation failed to comply with its obligation. *Costa v. City of Burlington*, 254 F.R.D. 187, 191 (D. N.J. 2008). Rather than holding Carnival to a transcript consisting of questions asked by Plaintiff's counsel, the more appropriate approach is for this Court to consider objections raised during trial. *See Morrison v. Royal Caribbean Cruises, Ltd.*, 1:19-cv-21220-JG, ECF No. 89, pgs 2 – 3 (S.D. Fla. Aug. 28, 2020) (denying motion *in limine* on same argument).

**Plaintiff's Motion in Limine to Exclude any Prior Unrelated Injuries**.

Plaintiff respectfully requests that Defendant be excluded from referencing any prior **unrelated** injuries Plaintiff may have had that are not related to the injury she is alleging as the subject of this lawsuit, which are irrelevant, and whatever probative value it might have is substantially outweighed by the danger of unfair prejudice and confusion. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403). In particular, Plaintiff expects that Defendant will seek to introduce evidence of a prior injury to Plaintiff's other foot from several years ago, which was not the foot that was involved in her injury.

In *Richardson*, the Tenth Circuit Court of Appeals heard a case with a personal injury component and found that evidence of prior litigation involving the plaintiff should be excluded. *Id.* at 1275-1277. Plaintiff respectfully submits that any prior unrelated injury is even less relevant in the case at hand than in *Richardson*, where there, at least the case involved the same Defendant. If the jury were to know about any prior unrelated injuries, this would severely prejudice Plaintiff, and this danger of unfair prejudice outweighs whatever probative value such evidence might have. For example, Plaintiff would be severely prejudiced if the jury heard that he had a previous unrelated injury because it may unfairly assume Plaintiff was injured at the time of her incident despite the fact that there is no evidence of this whatsoever. As such, this danger of unfair prejudice outweighs whatever probative value such evidence might have. Therefore, Defendant should be prohibited from introducing such evidence or eliciting such testimony.

## **Defendant's Response to Plaintiff's Motion *in Limine***

Plaintiff's motion on this issue should be denied because evidence of Plaintiff's prior injuries are more probative than prejudicial, and relevant to liability, causation, and comparative fault.  In the original *Higgs* appeal, the Eleventh Circuit reversed and remanded following verdict where the trial court granted a motion *in limine* excluding evidence of the plaintiff's prior falls. *Higgs v. Costa Crociere, S.p.A.*, 720 Fed.Appx. 518 (11th Cir. 2017). The *Higgs I* court discussed:

> In our view, the district court abused its discretion in excluding evidence of Higgs's prior falls because its probative value was greater than any possible prejudice. The evidence of prior falls provides explanation for her harm other than Costa's negligence. The defendant's ability to present alternative causes is of paramount importance in allowing for an adequate defense. *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70 (11th Cir. 2014) (noting that because under Florida law, a plaintiff has the burden of all four elements of negligence, courts treat evidence presented by plaintiffs differently than evidence produced by defendants to rebut causation). The evidence was relevant and probative of Higgs's knowledge with regard to the cause of her fall. Causation was an issue at trial, as well as the liability of each party, and the damages. Higgs had the burden of proving causation, and Costa was unable to challenge sufficiently her causative theory because it was unable to present this evidence to diminish its liability.

720 Fed.Appx. at 520-21 (internal quotations omitted).

Similarly here, Plaintiff alleges a fall which resulted in a left foot injury and pain. There is record evidence that a year prior to the incident, Plaintiff was treated for a stress fracture for her right foot. ECF Nos. 87-1, at 15:5 – 16:13; 87-2. Also prior to the incident, Plaintiff was diagnosed with diabetes that she managed with medication. ECF No. 87-1, 12:18 – 13:4. Carnival's expert orthopedic surgeon opines that Plaintiff's persistent symptoms in her left extremely are the result of underlying diabetic neuropathy and that she has degenerative conditions in the left ankle. ECF No. 87-4, pg. 3. Carnival's expert neurologist similarly opines that Plaintiff's symptoms are possibly the result of an underlying diabetic neuropathy. ECF No. 87-5, pg. 2.

Liability and causation regarding Plaintiff's left foot injury and pain are disputed, and Plaintiff's right foot injury merely a year prior to this incident is relevant to Carnival's liability and causation defense theories.

**Motion in Limine to Preclude any Evidence, Argument, or Suggestion that Plaintiff
Drank Alcohol or was Intoxicated.**

Plaintiff respectfully requests that Defendant to be excluded from arguing, suggesting, or introducing evidence of Plaintiff's purchase of alcohol, and that Defendant be excluded from arguing or suggesting that Plaintiff was intoxicated.

Plaintiff anticipates that Defendant will mention or introduce evidence that Plaintiff drank alcoholic beverages on the date of her incident, in an attempt to suggest to the jury that she was intoxicated. As an initial matter however, Defendant has not put forth evidence that it was Plaintiff that consumed all of the alcoholic beverages on her sail and sign card, as opposed to having shared a number of them with her friends. Moreover, Plaintiff also anticipates that Defendant may argue that Plaintiff was intoxicated, which is not supported by the evidence of record. "[T]he fact of drinking cannot be equated with intoxication. Consequently, questions cannot be asked to intimate intoxication unless there is supporting evidence of intoxication." *Bramlette v. Hyundai Motor Co.*, No. 91 C 3635, 1992 WL 213956, at *7 n.1 (N.D. Ill. Aug. 28, 1992). In, *Simco v. Ellis*, 303 F.3d 929 (8th Cir. 2002), the Eighth Circuit Court of Appeals found that evidence of a party's use of a potentially intoxicating substance should be excluded where the proper foundation for its admittance was not laid (although in *Simco*, the intoxicating substance was cocaine). *Id*. at 933.

If Defendant is not seeking to establish that Plaintiff was intoxicated, evidence of Plaintiff's consumption of alcohol is entirely irrelevant, and the danger of unfair prejudice of this evidence substantially outweighs whatever probative value it has. However, Defendant cannot establish the requisite foundation supporting that Plaintiff was intoxicated, since it has not disclosed any toxicologist as an expert witness.

Therefore, Plaintiff respectfully requests that the Court issue an order excluding Defendant from arguing, suggesting, or introducing evidence of that she purchased alcohol. In the alternative, Plaintiff respectfully requests that Defendant be precluded from making any argument or suggestion that Plaintiff was intoxicated.

### Defendant's Response to Plaintiff's Motion *in Limine*

Plaintiff herself testified that she had alcoholic beverages prior to the incident, and records of her onboard purchases reflect this as well. ECF No. 87-1, 59:14 – 60:1; 61:18 – 62:1; *see* **Exhibit 6** (Onboard Purchase). And contrary to Plaintiff's argument, evidence of a plaintiff's alcohol intake is relevant in tort cases. *See Lavora v. NCL (Bahamas), Ltd.*, No. 15-24285-Civ-COOKE/TORRES, 2016 WL 7325592, at *3 (S.D. Fla. Dec. 16, 2016) (considering evidence of intoxication as summary judgment stage); *Collins v. Marriott Int'l, Inc.*, 749 F.3d 951, 959 (11th Cir. 2014) (evidence of plaintiff's intoxication is "normally relevant" in tort cases); *see also Frazee v. Gillespie*, 98 Fla. 582, 593 (1929) (evidence of intoxication relevant in tort case "in view of the fact that negligent and reckless conduct so frequently results from intoxication").

In the case Plaintiff relies on, *Bramlette v. Hyundai Motor Co.*, No. 91 C 3635, 1992 WL 213956, at *7 n. 1. (N.D. Ill. Aug. 28, 1992), the court ultimately held, "Plaintiff's motion is denied. Plaintiff's cases generally decide the question of proximate cause on a full factual record." Moreover, in *Simco v. Ellis*, 303 F.3d 929 (8th Cir. 2002), the court noted "there was no evidence that McCalpin was intoxicated or impaired at the time of the accident."

Here, there is evidence that Plaintiff consumed alcohol prior to the incident and her own onboard purchase record substantiates this. Any potential prejudice can be eliminated as "Plaintiff will be free to cross-examine any witness who testifies she was intoxicated, drunk, or otherwise impaired." *See Morrison v. Royal Caribbean Cruises, Ltd.*, 1:19-cv-21220-JG, ECF No. 89, pg. 3 (S.D. Fla. Aug. 28, 2020) (denying motion *in limine* on same argument).

**Plaintiff's Motion in Limine to Exclude Speculative Arguments Regarding the Number of Passengers who Suffered Prior Incidents**.

Plaintiff respectfully requests that Defendant be precluded from introducing evidence of an alleged number of passengers on its ships that did not suffer prior incidents. Without an adequate foundation, such speculative arguments' danger of unfair prejudice also substantially outweighs whatever probative value they might have.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Luck v. Mount Airy No. 1, LLC*, No. 3:12CV887, 2014 WL 4792590, at *2 (M.D. Pa. Sept. 23, 2014) (citing Fed. R. Evid. 401; Fed. R. Evid. 402). However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Because there is a strong potential for prejudice resulting from the admission of evidence of other accidents, certain limitations on the admission of such evidence have been developed." *Miller ex rel. Miller v. Ford Motor Co*., No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004). One such limitation is that "the proponent of the evidence must show that conditions substantially similar to the occurrence in question caused the other accidents." Id. "These limitations apply whether the other accident evidence is offered by plaintiff or defendant." Id. (citing *Heath v. Suzuki Motor Corp*., 126 F.3d 1391, 1396 n. 11 (11th Cir. 1997) (emphasis added)).

Here, Plaintiff is concerned that Defendant will argue that many passengers traversed the subject surface prior to Plaintiff's incident, but only Plaintiff was injured, and therefore that the floor was safe. However, first of all, Defendant has not produced evidence of how many passengers actually traversed that exact area. Moreover, Defendant has not produced evidence to show what an acceptable rate of passengers slipping on the subject surface is, and therefore has not produced evidence to support its contention that the surface was safe despite numerous prior incidents having occurred on it. Therefore, Defendant should be prohibited from offering any such evidence or making any such argument as outlined above.

## Defendant's Response to Plaintiff's Motion *in Limine*

Carnival should not be precluded from addressing the amount of passengers that sail on its vessels if the proper foundation is laid. Plaintiff does not explain the unfair prejudice she will suffer if this is addressed at trial. Plaintiff cites to cases addressing her burden of the admission of prior incidents, but cites to no legal authorities holding that Carnival cannot speak to the amount of passengers that sail with it. Further, if some or no substantially similar prior incidents are admitted into the trial, Carnival should be able to compare this with the amount of passengers that sail on its vessels.

**Request to Preclude any Set-Off for Collateral Source Payments.**

The Eleventh Circuit has unambiguously held that set-offs for medical bill "write offs" are improper, ruling that,

> The long and the short of it is that, as the Indiana Supreme Court has observed, the "complexities of health care pricing structures make it difficult to determine whether the amount paid, the amount billed, or an amount in between represents the reasonable value of medical services." *Stanley v. Walker*, 906 N.E.2d 852, 857 (Ind. 2009). In this environment, as we see it, **it would be inappropriate to impose a bright-line rule for the calculation of damages. Rather, in the absence of any legislation clarifying this measure of damage, it is wiser to leave the ultimate determination -- the reasonable value of medical services received by a particular plaintiff in a particular case -- to the jury, upon its consideration of all relevant evidence, notably including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer**.
>
> . . .
>
> Though **we disagree with the courts that cap a plaintiff's damages, as a matter of law, at the amount paid**, we find their reasoning on the evidentiary question persuasive.

*Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1313–14, 1316 (11th Cir. 2020) (emphasis added).

Therefore, it is clear that since Plaintiff's damages cannot be capped as a matter of law at the amount of her bills that were paid, Defendant is not entitled to a set-off for any such amounts beyond the amount billed, and Plaintiff's motion should be granted.

**<u>Defendant's Response to Plaintiff's Motion *in Limine*</u>**

In response, Carnival agrees to the application of *Higgs v. Costa Crociere S.P.A. Co*., 969 F.3d 1295 (11th Cir. 2020). The parties should be permitted to introduce evidence of the amount billed, the discounted or written-off amounts, and any expert testimony relevant to the amount of reasonable medical expenses. *Morrison v. Royal Caribbean Cruises, Ltd.*, 1:19-cv-21220-JG, ECF No. 89, pg. 2 (S.D. Fla. Aug. 28, 2020).

**Defendant Should be Precluded from Arguing that the Ship Inspection is not Admissible Because it was Performed Many Months after Plaintiff's Incident and Allegedly not Under Circumstances Identical to Those Plaintiff Encountered**

Plaintiff respectfully requests that Defendant be excluded from arguing that the ship inspection Plaintiff's expert performed is inadmissible because it was performed many months after Plaintiff's incident. Here, the probative value of any such argument is non-existent, since "'[t]he Eleventh Circuit has "long held ... that a delay in viewing or inspecting the place where an accident took place normally goes to weight and not to admissibility.'" *Johnson v. Carnival Corp.*, No. 19-CV-23167, 2021 WL 1341527, at *3 (S.D. Fla. Apr. 9, 2021) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1284 (11th Cir. 2015)).

Furthermore, such evidence would be highly prejudicial to Plaintiff. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403).

Moreover, Plaintiff's notice of ship inspection, attached hereto as Exhibit 8, specifically provided that "Furthermore, provide the subject area of the incident to be inspected in substantially the same condition as it was at the time of the incident." See Exhibit 8. To the extent that Defendant attempts to elicit any testimony or make any arguments that the subject surface Plaintiff's expert tested was not produced under substantially similar circumstances, Plaintiff seeks to prohibit such testimony or argument, since it is manifestly unfairly prejudicial for Defendant to effectively argue that it did not comply with Plaintiff's notice of ship inspection and that therefore the fact finder should disregard Plaintiff's expert's findings. Clearly the danger of prejudice to Plaintiff from such arguments or testimony would outweigh whatever minimal probative value such testimony or arguments might have.

Therefore, Defendant should be prohibited from making such arguments, introducing such evidence, or eliciting such testimony.

## Defendant's Response to Plaintiff's Motion *in Limine*

Carnival does not seek to hold the results of Plaintiff's ship inspection inadmissible at trial. However, Carnival should be allowed to challenge Plaintiff's expert's findings resulting from the testing performed onboard. As cited by Plaintiff, "a delay in viewing or inspecting the place where an accident took place normally goes to weight and not to admissibility." *Johnson v. Carnival Corp.*, No. 19-CV-23167, 2021 WL 1341527, at *3 (S.D. Fla. Apr. 9, 2021). Any issues with Plaintiff's ship inspection are appropriate for cross-examination before the jury. *Id.*

**Defendant Should be Precluded from Introducing Evidence of or Arguing that Any of Plaintiff's Experts Were Struck in a Previous Case Under Daubert**

Plaintiff anticipates that Defendant will seek to introduce testimony or make arguments to the fact finder that it should reject the opinions of Plaintiff's experts because some of them, such as Dr. Nicholas Suite, may have been stricken under Daubert in previous litigation. However, courts in this district are clear that such testimony or arguments are impermissible unless the party seeking to introduce such evidence can show that the exclusion was related to the expert's truthfulness or competence, and not simply that a previous Daubert challenge was raised.

As another court in this district found,

Accordingly, Plaintiff's motion in limine to preclude Defendant from referencing any cases where Dr. Zollo was retained, proffered testimony, or was subjected to a Daubert challenge is GRANTED but with leave to renew at trial if Defendant can show the trial judge that Plaintiff has sufficiently opened the door to collateral evidence of other cases in which the expert testified. In so doing, Defendant would have to show why the expert was excluded that relates to the expert's truthfulness or competence and not just that a successful Daubert challenge was raised involving that expert.

*ZELMA SIPLIN, Plaintiff, v. CARNIVAL CORPORATION, Defendant.*, No. 17-CIV-23741, 2018 WL 3439452, at *6 (S.D. Fla. July 17, 2018). As such, Plaintiff requests a similar order in the instant case.

26

### <u>Defendant's Response to Plaintiff's Motion *in Limine*</u>

Carnival agrees to the entry of an order similar to the one issued in *Siplin v. Carnival Corp.*, No.

17-Civ-23741-WILLIAMS/TORRES, 2018 WL 3439452, at *6 (S.D. Fla. July 17, 2018), as quoted by

Plaintiff above.

Dated: October 25, 2021
      Miami, Florida

                                    Respectfully submitted,

By: **/s/Matthias Hayashi**            By: **/s/  Michael J. Drahos**
Spencer Marc Aronfeld, Esq.            Michael J. Drahos, Esq.
Florida Bar Number: 905161             Florida Bar No. 0617059
aronfeld@aronfeld.com                  michael.drahos@gray-robinson.com
Matthias M. Hayashi, Esq.              lilia.parker@gray-robinson.com
Florida Bar Number: 115973             W. Cooper Jarnagin, Esq.
mhayashi@aronfeld.com                  Florida Bar No. 117767
Aronfeld Trial Lawyers                 Cooper.jarnagin@gray-robinson.com
One Alhambra Plaza, Penthouse          GRAY ROBINSON, P.A.
Coral Gables, FL 33134                 515 North Flagler Drive, Suite 1425
Tel: (305) 441-0440                    West Palm Beach, Florida 33401
Fax: (305) 441-0198                    Telephone: (561) 268-5727
*Attorneys for Plaintiff*              Facsimile: (561) 268-5745
                                       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on October 25, 2021. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                              By: **/s/ Matthias M. Hayashi, Esq.**
                                    Matthias M. Hayashi, Esq.

## SERVICE LIST

| | |
|---|---|
| ARONFELD TRIAL LAWYERS | GRAY ROBINSON, P.A. |
| Attorneys for Plaintiff, | 515 North Flagler Drive, Suite 1425 |
| 1 Alhambra Plaza \| Penthouse | West Palm Beach, Florida 33401 |
| Coral Gables, Florida 33134 | Telephone: (561) 268-5727 |
| Tel:    (305) 441 - 0440 | Facsimile: (561) 268-5745 |
| Fax:   (305) 441 – 0198 | Michael J. Drahos, Esquire |
| Spencer Marc Aronfeld, Esq. | Florida Bar No. 0617059 |
| Florida Bar Number: 905161 | michael.drahos@gray-robinson.com |
| aronfeld@aronfeld.com | lilia.parker@gray-robinson.com |
| Matthias M. Hayashi, Esq. | *Attorneys for Defendant* |
| Florida Bar Number: 115973 | |
| mhayashi@aronfeld.com | |
| *Attorneys for Plaintiff* | |